**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRACY WHITAKER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FRANK D. GILLIS, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY** | : | |
| **OF DELAWARE and THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | **NO. 99-4578** |

## MEMORANDUM OPINION

**Savage, J.**                                                        **June 28, 2018**

      Petitioner Tracy Whitaker, a state prisoner convicted of murdering a nine-month-old child, has previously filed nine petitions under the Post Conviction Relief Act, appeals from the denial of them in the state court, three federal *habeas* petitions[1], and four unsuccessful requests of the Third Circuit for authorization to file second and successive petitions. Now, twenty-three years after he was convicted, he has filed a motion under Rule 60(b). For the first time, he contends that his conviction was void because the state court was without jurisdiction. He specifically argues that the charging document, the criminal Information, charged crimes as defined in the former Pennsylvania Penal Code rather than the Crimes Code. To overcome the *habeas* time bar, he argues that a motion under Rule 60(b)(4) has no time limit because the judgment of sentence was void.

      Petitioner's claim is without merit. The state court had subject matter jurisdiction. The mere reference to the Penal Code rather than the Crimes Code does not alter the result. Petitioner cannot claim that he was not on notice of what the charges were. The charging document identified the date of the offenses, the victim, and the elements of the

---

[1] *Whitaker v. Delaware Co. District Attorney, et al.*, C.A. No. 12-4924; *Whitaker v. Varano, et al.*, C.A. No. 10-157; and *Whitaker v. Gillis, et al., et al.*, C.A. No. 99-4578.

charged crimes.   It gave sufficient notice of the charges so petitioner could defend them.

Because petitioner has already filed a *habeas* petition which was denied, he must overcome the bar against filing a "second or successive petition." Thus, we must determine whether his present motion, despite its Rule 60(b) label, is a second or successive petition.

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a petition seeking *habeas* corpus relief attacking a judgment of conviction and/or sentence after his previously filed *habeas* petition based on the same conviction was decided on the merits.   28 U.S.C. § 2244(b)(1).[2]

When a motion is filed in a *habeas* case under a Rule 60(b) label, the district court must initially determine whether the motion is actually a "second or successive" *habeas* petition within the meaning of § 2244(b).  *Gonzalez*, 545 U.S. at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).   If it is not a "second or successive" petition, no authorization from the court of appeals is required. Thus, we must first determine whether petitioner's motion is a true Rule 60(b) motion.

What is a "second or successive" *habeas* petition is not defined by AEDPA. The Supreme Court has interpreted it as a filing, whether labeled a *habeas* petition or a Rule 60(b) motion, that presents a claim on the merits attacking the same conviction and/or sentence that was challenged in a previous petition. *Gonzalez*, 545 U.S. at 532, 538. A motion for relief from judgment that neither asserts new claims nor reasserts claims of error in the state court, but challenges only the federal court's failure to reach the merits of

---

[2] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

a prior *habeas* petition, is not a second or successive *habeas* petition. *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Petitioner's motion does not attack the procedural integrity of the federal court's *habeas* proceedings. Instead, it raises a new claim. Thus, it is a second or successive *habeas* petition.

If the petitioner makes a new claim in a second or successive petition, he must first receive permission to file the petition from the court of appeals. Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition. *Id.* § 2244(b)(3)(A); *Gonzalez*, 545 U.S. at 530; *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). Petitioner has not done so.

Even if the petitioner's motion were a proper Rule 60 motion, it is untimely. The charging document, which the petitioner contends was insufficient, was known to him when he was charged and tried. Before his trial, during trial, and in every one of his multiple post-conviction filings, petitioner did not raise the issue he now presents.

Petitioner's motion is untimely because it was not brought within a reasonable time. There is no specific time limit for filing a motion pursuant to Rule 60(b)(4). But, it must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(b)).

Petitioner provides no reason, much less a compelling one, for raising his new claim twenty-three years after his conviction and years after his petition was denied. Such a lengthy period of time is not reasonable for purposes of a Rule 60(b) motion. *See Moolenaar*, 822 F.2d at 1348 (finding Rule 60(b) motion brought almost two years after

order at issue was untimely); *United States v. Real Property Located at 1323 South 10th Street, Philadelphia, PA*, No. 91-5848, 1998 WL 470161, at *2 (E.D. Pa. Aug. 11, 1998) (concluding that four-year delay between order and Rule 60(b) motion was unreasonable.).

Petitioner's motion is completely silent on the reason for this delay. Nor are we are able to discern any facts to support an inference that the delay was justified. Hence, we conclude that his Rule 60(b) motion is untimely.