# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TRACY WHITAKER | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| FRANK D. GILLIS, THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : | NO. 99-4578 |

## MEMORANDUM

**Savage, J.**                                                                                         **July 13, 2021**

Petitioner Tracy Whitaker, a state prisoner serving a life sentence for murder, has filed a motion under Fed. R. Civ. P. 60(b)(3) and (4). He claims that the original Pennsylvania Constitution was never properly ratified. He asserts that his current "request for relief is from a patent usurpation of power, fraud and a judgment that is void from its inception."

Whitaker has previously filed nine petitions under the Post-Conviction Relief Act and appeals from each of them, four federal *habeas corpus* petitions[1], and four unsuccessful requests for authorization from the Third Circuit to file second and successive petitions, and two Rule 60(b) motions.

His present motion and contention is not new. On June 28, 2018, finding that his Rule 60(b) motion was a successive petition for a writ of *habeas corpus*, we transferred it to the Third Circuit Court of Appeals. Deeming the motion as an application to file a

---

[1] *Whitaker v. McGinley*, C.A. No. 18-5640; *Whitaker v. Delaware Co. District Attorney, et al.*, C.A. No. 12-4924; *Whitaker v. Varano, et al.*, C.A. No. 10-157; and *Whitaker v. Gillis, et al.*, et al., C.A. No. 99-4578.

second or successive *habeas* petition under 28 U.S.C. § 2254, the Third Circuit denied it.

What Whitaker alleges in his present motion is no different. As he did in his previous Rule 60(b) motion, he contends the judgment of conviction is void. He adds that the original Pennsylvania Constitution was not properly ratified, rendering his conviction void. This is actually no different than his earlier argument that his conviction was void. Just as that contention was frivolous, so is his current iteration.

Even if petitioner's claim had merit and was new, we cannot consider it. When a petitioner makes a new claim in a second or successive petition, he must first receive permission to file the petition from the court of appeals. Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Rule 60 may not be used to relitigate the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. He cannot circumvent the "second or successive" petition bar by presenting new claims for relief couched in the language of a Rule 60(b) motion. Such a maneuver is an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005) (citing 28 U.S.C. § 2244(b)(2)). Whitaker's motion does not fall within any exception to the second or successive bar. Therefore, we shall deny it.